```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CITIZENS FOR PRESERVATION OF   ) | |
| JESSAMINE COUNTY, LLC,        ) | |
|                               ) | Civil Action No. 5:09-121-JMH |
|      Plaintiff,              ) | |
|                               ) | |
| v.                            ) | |
|                               ) | |
|                               ) | **MEMORANDUM OPINION AND ORDER** |
| JESSAMINE COUNTY - CITY OF    ) | |
| WILMORE JOINT PLANNING        ) | |
| COMMISSION, et al.,           ) | |
|                               ) | |
|      Defendants.             ) | |

                    **       **       **       **       **

Motions to Dismiss have been filed in this matter by Defendants Jessamine County - City of Wilmore Joint Planning Commission (hereinafter, "Commission") and Jessamine County Fiscal Court (hereinafter, "Fiscal Court") [Record No. 8] and Defendant Cooper Development, LLC (hereinafter, "Cooper") [Record No. 9] (collectively, "Defendants").[1]  In their Motions, Defendants argue that this Court lacks subject matter jurisdiction and that Plaintiff's averments fail to state a claim, such that Plaintiff's claims should be dismissed pursuant to either Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  Having reviewed the Complaint in this matter, the Court agrees that it lacks subject matter jurisdiction and that Plaintiffs' claims should be dismissed, but the Court has

---

[1] Plaintiff Citizens for Preservation of Jessamine County, LLC (hereinafter, "Citizens" or "Plaintiff"), has filed a Response [Record No. 12] stating its objections, and Defendants Commission and Fiscal Court have filed a Reply in further support of their Motion to Dismiss [Record No. 16].

arrived at that conclusion on grounds not raised by either defendant. Accordingly, this matter is also before the Court upon its own motion, and Plaintiff shall be given an opportunity to show cause why its claims should not be dismissed for the reasons stated below.

**I.    BACKGROUND**

Cooper filed an application with the Commission on or about April 18, 2006 for construction of a residential cluster subdivision. The Commission held a public hearing on Cooper's application on May 30, 2006, at which time Citizens appeared and presented evidence in opposition to the proposed development. The Commission filed Findings of Fact and Conclusions of Law and denied the application on June 13, 2006.

Cooper initiated two civil actions on June 27, 2006, in Fiscal Court against the Commission. In the first action, Cooper alleged violations of its civil rights and sought compensatory damages, punitive damages, and injunctive relief. In the second action, Cooper alleged that the Commission's denial of its application was arbitrary and capricious and sought a reversal of that decision. Citizens intervened in both actions.

Cooper and the Commission entered into a settlement agreement, which was filed in the record of the first action in Fiscal Court. In the agreement, Cooper agreed to dismiss all damage claims in exchange for the Commission's agreement to approve its cluster

development plan. The settlement agreement was contingent on the Court's approval of the same.

On October 10, 2006, Citizens filed a Complaint in Fiscal Court against the Commission, its individual members, and Cooper. The Complaint alleges that in entering into the settlement agreement with Cooper, the Commission acted arbitrarily and capriciously, violated Citizens' procedural and substantive due process rights, and committed an improper taking, depriving Citizens of its property rights, for which Citizens sought compensatory and punitive damages. Citizens' action was consolidated with Cooper's actions and all are stayed pending appeal of the planning and zoning decision.

The Jessamine Circuit Court entered an Order which concluded that the denial of Cooper's application for a cluster subdivision was arbitrary and capricious. Citizens appealed and the decision was affirmed in part and reversed in part. Citizens and Cooper have filed cross Motions for Discretionary Review before the Kentucky Supreme Court, which remain pending before that court.

## II. STANDARD OF REVIEW

Where claims are not ripe, federal courts lack subject matter jurisdiction and the complaint should be dismissed. *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir.1992). A motion pursuant to Fed. R. Civ. P. 12(b)(1) that attacks subject matter jurisdiction is reviewed under a standard which "empower[s]"

the Court "to resolve factual disputes." *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A Rule 12(b)(1) motion which attacks the factual basis for jurisdiction attacks the Court's "very power to hear the case[,]" and, thus, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)). "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1), . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Id.* (emphasis in original).

### III. DISCUSSION

Every case arrives before this Court with a threshhold question: whether it is properly before this Court. As recently explained by the Sixth Circuit Court of Appeals:

> A claim is not "amenable to ... the judicial process," *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210[ ] (1998), when it is filed too early (making it unripe), when it is filed too late (making it moot) or when the claimant lacks a sufficiently concrete and redressable interest in the dispute (depriving the plaintiff of standing).

*Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (en banc).

In this instance, the Court concludes that these claims were filed too early, making them unripe for adjudication.[2] *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 808 (2003) ("the question of ripeness may be considered on a court's own motion"). The doctrine of ripeness prevents "courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ." *Id.* at 806 (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967)(overruled on other grounds)).

In this case, it is too soon for Citizens to complain that its procedural or substantive due process rights have been violated with regard to Cooper's second application. Taking the facts averred in the Complaint as true, Plaintiff cannot demonstrate that it has yet been denied "personal notice and a due process hearing,

---

[2] The Court also notes that Citizens have not averred facts which would establish its standing to bring the claims presented in its Complaint. The prudential limitation of standing requires, in part, that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). There is no indication that Citizens, as a corporation or other entity, owns property in the vicinity of the proposed subdivision. The Court assumes that Citizens, then, purports to represent its membership with regard to the wrongs allegedly done to them by virtue of Defendants' actions. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977) (associational standing). The Court must assume because the Complaint and the other pleadings filed provide no basis upon which the Court may found a conclusion that Citizens has good reason to be before the Court on behalf of its members. The Court need not reach this issue, however, as it has already determined that the claims are not ripe for adjudication, even if Citizens has standing.

including an impartial decisionmaker and particularized findings of fact," *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1218 (6th Cir. 1992) (process due to impacted property owners when zoning decision is made), or that its "constitutionally protected interest has been deprived through arbitrary and capricious action." *Rondigo, L.L.C. v. Casco Tp., Mich.* 330 F.App'x 511, 521 (6th Cir. 2009) (quoting *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008)). Simply stated, there has been no action by Defendants that would cause these results of which the Court is aware at this time. *Rondigo, L.L.C.*, 330 F.App'x at 521.

At the time of the Complaint's filing, the Commission has neither held a hearing on nor approved or denied Cooper's second application for the cluster development. Simply agreeing to review the application is not arbitrary or capricious, nor harmful to Citizens, as the Commission, could, in theory, deny the application. Any arbitrary and capricious action would occur, if at all, only upon a decision of the Commission on Cooper's second application.[3] Further, Plaintiff has not yet participated or been denied the opportunity to participate in any process related to the

---

[3] The Court acknowledges that the gravamen of Citizens' complaint is that a decision on the second application has already effectively been made due to the prior settlement agreement between Cooper and the Commission. And although the Court accepts as this as true for the purpose of a Motion to Dismiss, neither the Court nor Citizens can claim that an unofficial, though highly probable, decision is the equivalent to an official, final decision by the administrative body in this context.

second application. Thus, the Court has no way of evaluating whether Plaintiff has received all of the process that it is due with regard to the second application. To evaluate such a challenge now would amount to non-justiciable "litigation by hypothetical." *Warshak,* 532 F.3d at 529. Any ruling the Court would make on Citizens' substantive or procedural due process claims, prior to a hearing or a decision by the Commission, would simply "entangle" the Court in an "abstract disagreement" over the process provided and any future decision of the Commission. *Id.* Thus, the Court concludes that the claims averred should be dismissed without prejudice.

Accordingly, the Court will order Plaintiff to show cause as to why it should not dismiss its claims without prejudice on the grounds that Citizens' claims are not yet ripe.

**IV. CONCLUSION**

For all of the reasons stated above, the Court concludes that Plaintiff's claims are unripe and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as this Court lacks subject matter jurisdiction over those claims.

Accordingly, **IT IS ORDERED** that Plaintiff has until **January 18, 2010**, to **SHOW CAUSE** why the Court should not dismiss Plaintiff's claims without prejudice for the reasons stated above.

This the 18th day of December, 2009.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge